# United States District Court
for the
Western District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address.)*

A dark colored Google cellphone
seized from Steven Ploof on September 15, 2025,
and currently in the custody of the FBI

Case No. **25-MJ-4122**

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

> A dark colored Google cellphone seized from Steven Ploof on September 15, 2025,
> and currently in the custody of the FBI, more particularly described in Attachment A

located in the Western District of New York, there is now concealed *(identify the person or describe the property to be seized)*:

> See Attachment B

The basis for search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of 18 U.S.C. § 115(a)(1)(A) *[statutory violation(s)]*.

The application is based on these facts:

- ☒ continued on the attached affidavit.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*/s/ Geordie A. Stutzman*
Geordie A. Stutzman
Special Agent
Federal Bureau of Investigation

Application and supporting affidavit submitted electronically
by email in .pdf format. Oath administered, and contents
and signature, attested to me as true and accurate telephonically
pursuant to Fed.R.Crim.P. 4.1 and 4(d) on: **October 3, 2025**

*/s/ Colleen D. Holland*
HONORABLE COLLEEN D. HOLLAND
United States Magistrate Judge

# ATTACHMENT A

## DESCRIPTION OF DEVICE TO BE SEARCHED

This warrant applies to the cellular telephone seized from PLOOF's vehicle after his arrest on September 15, 2025. The phone is a dark colored Google cellphone. The phone was seized by the Greece Police Department, which turned it over to the FBI. The cell phone is currently in FBI Custody under case 89F-BF-4133803.



# ATTACHMENT B

## SCHEDULE OF ITEMS TO BE SEARCHED FOR AND SEIZED

1. Logs of incoming and outgoing telephone calls, and any information associated with those calls, including but not limited to, telephone numbers, the time of the call, the date of the call, the duration of the call, and the name or other identifying information for the other party to the call;

2. Logs of missed telephone calls, and any information associated with those calls, including but not limited to, telephone numbers, the time of the call, the date of the call, the duration of the call, and the name or other identifying information for the other party to the call;

3. Contact lists and address books, including names, addresses, telephone numbers, and other identifying information

4. Incoming and outgoing text messages;

5. Internet browser history;

6. Content associated with stand-alone communication "apps" such as WhatsApp, Telegram, etc.;

7. Notes or ledgers contained electronically;

8. Appointment calendars

9. GPS location data

10. Voicemails; and

11. Photographs and/or videos

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

IN THE MATTER OF THE SEARCH OF:               25-MJ-**4122**

A dark colored Google cellphone seized from
Steven Ploof on September 15, 2025,
and currently in the custody of the FBI

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Geordie A. Stutzman, being duly sworn, state the following:

## INTRODUCTION AND AGENT BACKGROUND

1.  I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed for approximately 17 years.

2.  I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of one cellular telephone, more particularly the cellular telephone seized by the Greece Police Department from the vehicle of Steven L. PLOOF (hereinafter PLOOF) following his arrest on September 15, 2025, for evidence of violations of Title 18, United States Code, Section 115(a)(1)(A) which makes it a crime to threaten, to assault, kidnap, or murder, a member of the immediate family of a United States official, a United States judge, or a Federal law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties.

3.      I am currently assigned to the FBI's Rochester Resident Agency, which is responsible for investigating violent crime. Before my assignment in Rochester, I served from May 2024 to July 2025 as the Chief of Staff to the Assistant Director of the FBI's Criminal Investigative Division at FBI Headquarters in Washington, DC. From April 2023 to May 2024, I served as the Operations Manager of Operation Panama Express (PANEX), an Organized Crime Drug Enforcement Strike Force based in Tampa, Florida focused on maritime drug smuggling investigations. I worked as a case agent at PANEX from February 2013 to July 2019 and again from August 2022 to April 2023. From July 2019 to July 2022, I worked as an Assistant Legal Attache in Guatemala City, Guatemala where I supported FBI gang and fugitive investigations with a nexus to Guatemala. From June 2009 to February 2013, I was assigned to the FBI's Washington Field Office where I investigated Public Corruption and Government Fraud.

4.      The information contained in this affidavit is based on facts learned through my own investigation, which included, amongst other things, reviewing information provided by other law enforcement officers, conducting interviews, and reviewing other information contained in databases and public records. This affidavit is intended to show merely that probable cause exists to support the requested warrant and does not set forth all my knowledge about this matter.

## ITEM TO BE SEARCHED

5.      The item to be searched is one dark colored Google cellular telephone (hereinafter "Target Phone") currently in the custody of the FBI Rochester Resident Agency. The Target Phone was found in PLOOF's vehicle following his arrest on

2

9/15/2025, as more fully described below. See **Attachment A** for further description of the property and **Attachment B** for items to be seized.

## BACKGROUND

6.      STEVEN PLOOF is a former law enforcement officer who served with the Ogden Police Department (OPD) from approximately 2005 until September 2021. He also worked for the Orleans County Sheriff's Office but resigned from his position there in 2023 after being placed on administrative leave.

7.      On or about September 12, 2025, the Monroe County Crime Analysis Center (MCAC) published an Officer Safety Bulletin regarding PLOOF. The Safety Bulletin described a series of recent statements PLOOF made threatening violence against others as well as threatening behavior he had demonstrated which had been reported to the Monroe County Sheriff's Office and the Greece Police Department (GPD). Among the various events described in the report were:

   a. On or about September 11, 2025, PLOOF ran around his apartment complex with knives screaming "I'm gonna kill you!" He then stated he hoped someone called the police because he would go after them with his knives, and they could shoot him in the head.

   b. On or about September 12, 2025, PLOOF contacted a family member telephonically and stated "I'm gonna kill [a named friend to the family], the entire family right down to you, and then I'm gonna take myself out."

3

8.     On or about September 13, 2025, due to the series of threats PLOOF had made, the Monroe County Office of Mental Health obtained an order for him to be held for a mental health evaluation pursuant to New York Mental Hygiene Law, Section 9.45.

### THREATS TO FBI AGENT

9.     On September 15, 2025, a white, male subject placed two (2) posterboard signs expressing a threatening message on the front porch of the residence of an FBI Special Agent's spouse in Ogden, New York. Written in black marker, one sign read "Corrupt FBI AGENT!" and the other read "I Want To Fuck Your Kids!". The FBI Agent and his spouse have two children. A photo of the signs on the porch of the residence is below:



10.    The FBI Agent reported the incident to the Ogden Police Department and provided investigators with video footage from the residence's home security system, which

showed the male suspect placing the signs on the front porch of the residence at approximately 12:58pm.

11. The OPD Police Chief reviewed the footage and informed the FBI Rochester Resident Agency that he recognized the individual who left the signs as former OPD officer PLOOF, with whom the OPD Police Chief had worked for years.

## ARREST AND REARREST OF PLOOF

12. On the evening of September 15, 2025, GPD observed PLOOF park a 2019 grey Chevrolet Equinox registered under his name outside his residence at 271 Squareview Lane, Greece, NY.

13. The same vehicle had been observed on a GPD license plate reader on September 14, 2025, with "Fuck The FBI" written on the rear windshield.

14. GPD officers approached the vehicle to arrest PLOOF pursuant to state authority. PLOOF refused to submit to verbal commands from GPD Officers to exit his vehicle, shouted "fuck you" multiple times to officers and was observed reaching around in the vehicle's center console and glovebox. PLOOF then placed his vehicle in reverse and began backing up in the direction of officers in an apparent attempt to flee. When unable to escape in reverse, PLOOF attempted to escape by driving forward over the sidewalk, which was also unsuccessful. Officers broke the rear passenger window of PLOOF's vehicle and, unsuccessfully, attempted to use pepper spray to subdue him. PLOOF grabbed a large can from his vehicle and began spraying the contents in the direction of officers. He then produced a lighter and attempted to ignite the substance in an apparent attempt to use it as an improvised flame weapon. PLOOF then exited the vehicle with the spray can and a

large knife and fled into a wooded area a short distance from the vehicle. Officers could hear PLOOF, but he initially refused to come out of the woods. Eventually, he came out of the woods holding the spray can and knife yelling "fuck you" and "shoot me" while approaching officers. PLOOF then threw the spray can and knife in the woods. Officers ordered PLOOF to his hands and knees and he complied -- after that, he did not. Officers gave PLOOF commands to lay face down and show officers his waist line to prove he was not armed. Officers warned PLOOF if he did not comply, he would be tased. PLOOF refused to comply with further commands, repeatedly stating, "fuck you" and "I don't have to." After several commands were given without compliance, officers tased PLOOF twice which allowed them to then take him into custody. PLOOF was then transported to Rochester General Hospital (RGH) for evaluation.

15. The Target Phone, described in Attachment A, was seized by GPD from inside PLOOF's vehicle following his September 15, 2025, arrest and was later transferred to the FBI Rochester Resident Agency. Ploof had no other phone in his car or on his person at the time of his arrest.

16. Through interviews, law enforcement has determined that prior to his arrest PLOOF had been in recent telephonic contact with at least three (3) of his family members towards whom he had either demonstrated threatening behavior, made threatening statements, or left suspicious messages.

17. In the early morning hours of September 16, 2025, PLOOF escaped RGH. As a result, the hospital was placed on lockdown during which time no one was allowed to leave or enter, except for patients who needed care. Late that day, he was rearrested by GPD in the city of Rochester, NY.

## SEARCH OF PLOOF'S RESIDENCE

18.     A family member of PLOOF, with whom he resides, gave GPD officers consent to search their residence. GPD officers observed in PLOOF's bedroom written above his bed the words "Fuck The FBI." A photo of the scene is below:



19.     On September 16, 2025, a criminal complaint was signed before Magistrate Judge Mark W. Pedersen charging Ploof with violating 18 U.S.C. Section 115(a)(1)(A), and Judge Pedersen issued an arrest warrant on the basis of that complaint, in Case # 25-MJ-630. Ploof is currently in custody.

## KNOWLEDGE BASED ON TRAINING AND EXPERIENCE

20.     Based upon my training and experience, and conversations with, and training from, other officers and agents involved in similar investigations, I know the following:

7

21. Those who make threats to injure others often maintain records that reflect names, addresses, and/or telephone numbers of their targets and victims, and it is common to find that such records are maintained in cellular telephones and other electronic devices and storage mediums. Indeed, cellular and wireless telephones are often used to deliver the threats through interstate commerce.

22. Those who make threats to injure others often use cellular telephones as a tool or instrumentality in committing their criminal activity. They prefer cellular telephones because, first, they can be purchased without the location and personal information that land lines require. Second, they can be easily carried to permit the user maximum flexibility in avoiding police surveillance and traveling. Since cellular phone use became widespread, many individuals have a cellular telephone as their only telephone.

23. Based on my training and experience, cellular telephones possessed by someone like PLOOF who is threatening others contain evidence of criminal activity, including the following:

    a. The assigned number to the cellular telephone (known as the mobile directory number or MDN), and the identifying telephone serial number (Electronic Serial Number, or ESN), (Mobile Identification Number, or MIN), (International Mobile Subscriber Identity, or IMSI), or (International Mobile Equipment Identity, or IMEI) are important evidence because they reveal the service provider, allow us to obtain subscriber information, and uniquely identify the telephone. This information can be used to obtain toll records and to confirm if the telephone was used to contact other threat victims;

8

b. GPS and other location data which shows where the cell phone was at particular times during the user's criminal activity, and which would corroborate the user's involvement in such criminal activity.

c. The stored list of recently received calls and sent calls is important evidence. It identifies telephones recently in contact with the telephone user. This is valuable information in a threat investigation because it will identify targets and victims, and it confirms the date and time of contacts.

d. Stored text messages are important evidence, similar to stored numbers. Agents can identify associates and friends of the user who likely have helpful information about the user, his location, and his activities.

e. Photographs on a cellular telephone are evidence because they help identify the user, either through his or her own picture, or through pictures of friends, family, and associates that can identify the user. Also, digital photos often have "geocode" information embedded in them. Geocode information is typically the longitude and latitude where the photo was taken. Showing where the photo was taken can have evidentiary value. This location information is helpful because, for example, it can show where the defendant was at particular times.

f. Internet searches and files that have been viewed via the Internet on the cellular telephone.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

24. The information described above usually remains accessible in the cellular telephone's memory card even if the cellular telephone has lost all battery power or has not been used for an extended period.

25. Digital device files, or remnants of such files, can be recovered months or even many years after they have been downloaded onto the medium or device, deleted, or viewed via the Internet. Electronic files downloaded to a digital device, such as a cellular telephone, can be stored for years at little or no cost. Even when such files have been deleted, they can be recovered months or years later using readily available forensics tools. When a person "deletes" a file on a digital device such as a cellular telephone or a memory card, the data contained in the file does not actually disappear; rather, that data remains on the storage medium and within the device unless and until it is overwritten by new data. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space – that is, in space on the digital device that is not allocated to an active file or that is unused after a file has been allocated to a set block of storage space – for long periods of time before they are overwritten. In addition, a digital device's operating system may also keep a record of deleted data in a "swap" or "recovery" file. Similarly, files that have been viewed via the Internet are automatically downloaded into a temporary Internet directory or "cache." The browser typically maintains a fixed amount of electronic storage medium space devoted to these files, and the files are only overwritten as they are replaced with more recently viewed Internet pages. Thus, the ability to retrieve "residue" of an electronic file from a digital device depends less on when the file was downloaded or viewed than on a particular user's digital device habits.

## CONCLUSION

26. Based on the foregoing, I respectfully submit that the information detailed in this affidavit provides probable cause to believe the Target Phone listed on **Attachment A** will contain evidence of violations of Title 18, United States Code, Section 115(a)(1)(A) which makes it a crime to threaten, assault, kidnap, or murder, a member of the immediate family of a United States official, a United States judge, or a Federal law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties. Therefore, I respectfully request that a search warrant be issued for the Target Phone described in **Attachment A**.

Geordie A. Stutzman
Special Agent
Federal Bureau of Investigation

Affidavit submitted
electronically by email in .pdf format. Oath
administered, and contents and signature, attested
to me as true and accurate telephonically pursuant to
Fed.R.Crim.P. 4.1 and 4(d) on: October 3, 2025

HONORABLE COLLEEN D. HOLLAND
United States Magistrate Judge

# ATTACHMENT A

## DESCRIPTION OF DEVICE TO BE SEARCHED

This warrant applies to the cellular telephone seized from PLOOF's vehicle after his arrest on September 15, 2025. The phone is a dark colored Google cellphone. The phone was seized by the Greece Police Department, which turned it over to the FBI. The cell phone is currently in FBI Custody under case 89F-BF-4133803.



## ATTACHMENT B

### SCHEDULE OF ITEMS TO BE SEARCHED FOR AND SEIZED

1. Logs of incoming and outgoing telephone calls, and any information associated with those calls, including but not limited to, telephone numbers, the time of the call, the date of the call, the duration of the call, and the name or other identifying information for the other party to the call;

2. Logs of missed telephone calls, and any information associated with those calls, including but not limited to, telephone numbers, the time of the call, the date of the call, the duration of the call, and the name or other identifying information for the other party to the call;

3. Contact lists and address books, including names, addresses, telephone numbers, and other identifying information

4. Incoming and outgoing text messages;

5. Internet browser history;

6. Content associated with stand-alone communication "apps" such as WhatsApp, Telegram, etc.;

7. Notes or ledgers contained electronically;

8. Appointment calendars

9. GPS location data

10. Voicemails; and

11. Photographs and/or videos